# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

RASON VENABLE,

        Plaintiff,

    v.                            **DECISION AND ORDER**
                                          10-CV-6624
K. MORABITO, and D. BROWN,

        Defendant(s).

## Preliminary Statement

This action stems from *pro se* plaintiff's allegations that while confined at the Groveland Correctional Facility the defendants violated his constitutional rights by, *inter alia,* using excessive force against him. See Complaint (Docket # 1). Plaintiff alleges that the excessive force resulted in physical injuries and chronic lower back pain. Id. Currently pending before the Court is the plaintiff's motion to compel discovery. (Docket # 20).

## Discussion

With the instant motion, plaintiff seeks to compel the production of defendant Morabito's personnel file to determine whether Morabito has had previous allegations of excessive force asserted against him. (Docket # 20).

This Court has previously held that "[p]rior complaints made against the defendants, whether substantiated or not, are

discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the Complaint or are relevant to the defendant's truth or veracity. See Simcoe v. Gray, No. 10-CV-6531, 2012 WL 1044505, at *3 (W.D.N.Y. Mar. 28, 2012)(citing Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5-6 (E.D. Cal. Jan. 23, 2009); Session v. Rodriguez, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); (Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997)). It is "consistent with past practice in this Court" for defense counsel to be ordered to "(1) speak to his clients to ascertain whether defendants have any personal recollection of a prior complaint or grievance that may be responsive, and (2) review the defendants' personnel files to determine whether any information contained therein is responsive." Edwards v. Skelly, No. 07–CV–6343, 2012 WL 1029492, at *1 (W.D.N.Y. Mar. 26, 2012).

Here, in response to plaintiff's motion, defense counsel avers that he "had Officer Morabito's file inspected to determine whether there were any documents pertaining to allegations of other uses of force or allegations pertaining to Officer Morabito's truth or veracity." See Affidavit of Hillel Deutsch, Esq. (Docket # 21) at ¶ 4. The "search was conducted" and defense counsel "was informed no such documents were found." Id. at ¶ 5. Defense counsel did not indicate, however, whether he had spoken with defendant

2

Morabito to ascertain whether he had any personal recollection of a prior complaint or grievance that may be responsive.

Accordingly, defense counsel must speak with defendant Morabito to determine whether he can recall any prior complaints or grievances that are similar to the allegations asserted by plaintiff in the instant action. The Court directs that defense counsel file an affidavit with the Court confirming that he has spoken with defendant and disclosing the results of that conversation. If relevant information and/or documents are discovered but being withheld from disclosure, counsel shall submit such documents to the Court for *in camera* review. Defense counsel shall file his affidavit and produce any relevant documents within **thirty (30) days** from entry of this Order. In all other respects, plaintiff's motion (Docket # 20) is denied.

## Conclusion

Plaintiff's motion to compel (Docket # 20) is **granted in part and denied in part.**
**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 19, 2012
Rochester, New York