UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RASON VENABLE, #07-A-2868,

                  Plaintiff

                                               DECISION AND ORDER

-vs-

                                               10-CV-6624 CJS

K. MORABITO,

                  Defendant
_____

        Rason Venable ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges, pursuant to 42 U.S.C. § 1983, that Corrections Officer K. Morabito used excessive force against him. Now before the Court is Defendant's motion for summary judgment (Docket No. [#35]). The application is granted.

## BACKGROUND

        On October 22, 2009, Morabito allegedly injured Plaintiff at Groveland Correctional Facility ("Groveland"). At deposition, Plaintiff testified that shortly thereafter he filed an inmate grievance against Morabito. Pl. Dep. at 76. Plaintiff further indicated at deposition that he did not receive a response to the grievance. *Id*. at 77. Plaintiff testified that he then filed a second grievance, but again received no response. *Id*. Plaintiff states that he did not file an appeal since he never received a response to the grievances. *Id*. at 78 ("How can I appeal them when I never got a response to none of them?"). On November 4, 2009, Plaintiff submitted a written complaint to the New York State Attorney General's Public Integrity Bureau. On November 16, 2009, the Attorney General acknowledged receiving the complaint. On

1

November 3, 2010, Plaintiff commenced this action.

On May 23, 2012, Defendant filed the subject motion for summary judgment, on the grounds that Plaintiff failed to exhaust his administrative remedies before commencing this action as required by 42 U.S.C. § 1997e(a). In support of the application, Defendant submits an affidavit from the Grievance Supervisor at Groveland, Bonnie O'Brien ("O'Brien"), who maintains that Plaintiff never filed a grievance concerning the incident on October 22, 2009.[1] O'Brien further states that Plaintiff was "on notice" of the Inmate Grievance Program's procedures, from having been informed about them during "inmate orientation which all inmates arriving at Groveland Correctional Facility are required to attend." O'Brien Aff. ¶¶ 9-10.

Along with his motion, Defendant provided Plaintiff with the "Notice to *Pro Se* Litigants" required by Local Rule 56.2. Such notice informed Plaintiff that he was required to oppose Defendant's motion by "filing his/her own sworn affidavits or other papers as required by Rule 56(e)," and that "[a]n affidavit is a sworn statement of fact that is based on personal knowledge[.]"

In opposition to Defendant's motion, Plaintiff filed an unsworn response [#37], in which he maintains that he filed two grievances concerning Morabito's alleged assault. Plaintiff further accuses Defendant of attempting to distract the Court's attention away from the merits of his claim, by raising the issue of exhaustion of administrative remedies.

---

[1] A typo in O'Brien's affidavit makes her statement on this point somewhat ambiguous: "My office has one [sic] record of a grievance filed by Plaintiff pertaining to any use of force, on October 22, 2009, or any other date."). It appears, though, that she intended to say that her office "has no record" of such a grievance, as that is the basis for Defendant's motion.

2

DISCUSSION

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, in order to satisfy 42 U.S.C. § 1997e(a), a plaintiff must file a grievance with respect to the challenged behavior, using DOCCS's Inmate Grievance Program procedures. However, the Second Circuit has identified circumstances in which an inmate's unsuccessful attempt to exhaust may still meet the exhaustion requirements of § 1997e(a). *See Hemphill v. N.Y.*, 380 F.3d 680 (2d Cir.2004), *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004), *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004). In that regard,

> [w]hile the Second Circuit has recognized that the PLRA's exhaustion requirement is mandatory, it has also recognized three exceptions to the exhaustion requirement: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement."

*Chisholm v. New York City Dept. of Correction,* No. 08 Civ. 8795(SAS), 2009 WL 2033085 at *2 (S.D.N.Y. Jul. 13, 2009) (*quoting Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006)).

In the instant case, Plaintiff insists, in his sworn deposition testimony, that he filed two grievances concerning the alleged assault by Morabito. Since Plaintiff is the non-moving party, the Court accepts that statement as true, and proceeds as if Plaintiff in fact filed those grievances, even though O'Brien maintains that there is no

3

record of them being filed.

Unfortunately for Plaintiff, though, it is not enough to simply file a grievance. Instead, before suing under Section 1983, a prisoner must completely exhaust the administrative remedies that are available. Plaintiff admits that he did not do so.

At deposition, Plaintiff indicated that he did not file an appeal because he never received a response to his grievances. Specifically, Plaintiff stated: "How can I appeal them when I never got a response to none of them?" Pl. Dep. at 78. The Court interprets this statement to mean that Plaintiff was not aware that he could file an appeal when he had not received a response to his grievance.

However, it is clear that DOCCS' Inmate Grievance Program procedures permit inmates to appeal to the next level even when they do not receive a response to a grievance. *See, e.g.*, 7 N.Y.C.R.R. § 701.8(g) ("If the superintendent fails to respond within the required 25 calendar day time limit the grievant may appeal his/her grievance to CORC. This is done by filing a notice of decision to appeal (form #2133) with the inmate grievance clerk."). Because of that, an inmate is not excused from complying with 42 U.S.C. § 1997e(a) simply because he did not receive a response to his grievance. *See, Harrison v. Goord*, No. 07 Civ. 1806 (HB), 2009 WL 1605770 at *8 (S.D.N.Y. Jun. 9, 2009) ("[E]ven assuming that Harrison filed the initial complaints that he claims to have filed, and never received a response, this does not excuse the failure to exhaust his remedies.") (collecting cases).

Moreover, none of the aforementioned exceptions to the exhaustion rule applies here, since it is undisputed that Plaintiff was provided information about the grievance

4

procedures, and there is no indication that anyone misled him or prevented him from filing an appeal. *See, Malik v. City of New York*, No. 11 Civ. 6062 (PAC) (FM), 2012 WL 3345317 at *7 (S.D.N.Y. Aug. 15, 2012) ("In the absence of any allegation that Malik was misinformed about the applicable procedures or not provided information about them, Malik's apparent ignorance of the IGRP procedures applicable after the initial filing of a grievance does not excuse his failure to follow each step.").

CONCLUSION

Defendant's motion [#35] for summary judgment is granted, due to Plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The dismissal is with prejudice, and the Clerk of the Court is directed to close this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

Dated:     Rochester, New York
          October 19, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge